JED S. RAKOFF, U.S.D.J.
Plaintiff Scott Gunnells moves for the entry of a default judgment against defendants Michael Joseph Teutul, Paul Teutul, and Orange County Choppers, Inc. (collectively, "the Defaulting Defendants").[1] For *453 the reasons that follow, the motion is denied.[2]
A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96.
In deciding whether to grant a default judgment, the Court must consider "whether the default was willful," "whether setting aside the default would prejudice the adversary," and "whether a meritorious defense is presented." Id. A meritorious defense "need not be ultimately persuasive at this stage." Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).
Here, the Defaulting Defendants were served with both complaints by no later than June 13, and have made no appearance. There is nothing to suggest that their defaults were not willful. Nonetheless, the Court has serious doubts about the merits of these actions.
Both complaints allege copyright infringement. Plaintiff is a photographer who purportedly took certain headshots of defendant Michael Teutul. Gunnells alleges that these photographs were used without license in Teutul's merchandise and on the television program "American Chopper." The statute of limitations for civil copyright infringement actions is three years. 17 U.S.C. § 507(b). Yet several of the allegations in the first complaint clearly relate to acts taken outside the limitations period. Compl. in 19-cv-5312 ¶ 12 ("5312 Compl.") (photo for gallery opening dated November 11, 2011); id. ¶ 15 (advertisement for festival dated April 2013); id. ¶ 18 (Facebook post dated January 10, 2013); id. ¶ 21 (Facebook post dated July 23, 2012). And while the later-filed complaint does not specify the dates of infringement, some quick research reveals that it, too, complains of infringement that appears to be time-barred. Compare Compl. in 19-cv-5331 ¶ 14 ("5331 Compl.") (screenshot of posting on "WorthPoint" showing allegedly infringing sales of merchandise), with WorthPoint, https://www.worthpoint.com/ (search for "mikey wolfgang teutul") (indicating that those items were sold in 2011) (last visited Aug. 8, 2019); compare 5331 Compl. ¶ 14 (screenshot of YouTube video showing allegedly infringing display), with Youtube, "American Chopper-Mikey's Art Gallery Opening," https://www.youtube.com/watch?v=q51wY0QJMrc (video posted in 2011) (last visited Aug. 8, 2019).
At least one act of alleged infringement appears to be facially within the limitations period. See 5312 Compl. ¶ 12 (Facebook post dated December 27, 2017). Others are not dated. But the fact that a great majority of the alleged infringement is six to eight years old gives the Court pause. Nowhere in either complaint, nor in plaintiff's *454 motion for default judgment, is the statute of limitations addressed. Nor is there any suggestion that tolling might apply. On the face of it, then, plaintiff appears to be seeking substantial damages for claims that might be utterly meritless. Additionally, there would be minimal, if any, prejudice to plaintiff from the denial of the motion for default judgment.
The Court therefore declines to enter a default judgment at this time. As noted above, plaintiff has alleged one act of infringement that facially appears to be within the limitations period. The Court therefore offers plaintiff a choice. Plaintiff may either accept a default judgment on this single claim for copyright infringement, in which case the Court will enter a default judgment and calculate statutory damages only for that single violation (rather than the six violations alleged by plaintiff). Alternately, plaintiff may file an amended complaint, by no later than August 30, 2019, clarifying which causes of action are timely. In that case, the Court will vacate the default. If defendants again fail to answer in the time permitted, plaintiff may renew his motion for default judgment.
Plaintiff shall notify the Court of his election by ECF filing no later than close of business Friday, August 16, 2019. The Clerk of the Court is directed to consolidate these cases under the 19-cv-5331 docket. All future filings should go to that docket.
SO ORDERED.

Plaintiff also sued two additional defendants, Discovery, Inc. and Pilgrim Media Group, LLC, in the later-filed action. Those parties settled with plaintiff and have been dismissed. See Dkt. 19-cv-5331, ECF No. 31.

Technically, plaintiff filed his motion for default only on docket 19-cv-5331. However, the motion references causes of action that are asserted in the complaint docketed at 19-cv-5312. The Court presumes that, because the Court indicated orally at the initial conference on July 23, 2019 that the cases would be consolidated, plaintiff did not recognize the need to file on both dockets. In any event, because the instant Order relates to both cases, it will be filed to both dockets.